UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK LANE PIZZERIA, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-02513-X |
| | § | |
| | § | |
| NORTHWOOD PL HOLDINGS LP, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Northwood PL Holdings LP's (Northwood Holdings) motion to dismiss (Motion). (Doc. 7). After reviewing the relevant filings and applicable law, the Court **DENIES** Northwood Holding's Motion.

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1] The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[2] And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] In its evaluation, the Court construes the complaint liberally in favor of the plaintiff and accepts all well pled facts in the complaint as true.[4] But conclusory statements or legal conclusions are not credited.[5]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[5] *See Ashcroft*, 556 U.S. at 678.

1

This case concerns a landlord-tenant dispute where the tenant, Park Lane Pizzeria, Inc., d/b/a Grimaldi's (Grimaldi's), claims that the landlord, Northwood Holdings, has continually violated the parties' lease agreement (Lease). Specifically, Grimaldi's alleges that Northwood Holdings "repeatedly promised but continually failed to supply Grimaldi's with the condenser water required for the proper operation of Grimaldi's HVAC system."[6]

Northwood Holdings filed this Motion contending that Grimaldi's claims should be dismissed because the claims are barred by the statute of limitations. Grimaldi's counters that the Lease is a continuing contract and the breach of which did not occur until Northwood Holdings repudiated the Lease in October 2023.

"While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such a motion cannot be granted unless the limitations defense is clear on the face of the complaint."[7] Here, because Grimaldi's pled the parties' Lease is a continuing contract and Northwood Holdings repudiated the Lease in October 2023, the Court is unable to find on the face of Grimaldi's company a clear indication that its claims are barred by the statute of limitations.[8]

---

[6] Doc. 1 at 1.

[7] *Seghers v. El Bizri*, 513 F. Supp. 2d 694, 707 (N.D. Tex. 2007) (Fish, J.) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003), cert. denied, 540 U.S. 1161 (2004)).

[8] To the extent the applicability of the continuing-contract doctrine to Grimaldi's claims presents a question of law, it is more appropriately addressed on a motion for summary judgment, after the record has been developed. Conversely, if the statute-of-limitations issue turns on fact-bound questions—such as the existence of a continuing lease obligation or the timing of any alleged repudiation—those issues are not suitable for resolution at the pleading stage and may ultimately be reserved for the fact-finder. *See Berry v. Bryan Cave LLP*, 2010 WL 1946264, at *5 (N.D. Tex. 2010) (Boyle. J.).

Accordingly, Northwood Holding's Motion is **DENIED.**

**IT IS SO ORDERED** this 9th day of February, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE