UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK LANE PIZZERIA, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2513-X |
| | § | |
| NORTHWOOD PL HOLDINGS LP, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Park Lane Pizzeria, Inc.'s, d/b/a Grimaldi's (Grimaldi's) motion to strike references to confidential settlement materials contained in Defendant Northwood PL Holdings LP's (Northwood) second amended answer, affirmative defenses and counter claims. (Doc. 24). Having fully considered the motion, the Court **GRANTS** the motion and **STRIKES** paragraphs 66, 67, 85, 86, 87, and 88, as well as Exhibit 4, from Northwood's second amended answer. (Doc. 29).

### I.     Factual Background

Grimaldi's and Northwood entered into an agreement titled "Rule 408 Settlement Agreement." The agreement commissioned a third-party engineer to inspect Grimaldi's HVAC issues and draft a report to assist in settlement negotiations.

The agreement expressly stated that "the parties stipulate this document shall not be admissible for any purpose in any legal proceedings," and further clarified that

"[t]he procedure and opinions of the Engineer and the Contractor are for the purposes of the parties negotiating a settlement . . . [n]o admission of liability shall be assumed from the Engineer or Contractor's reports or recommendations."[1]

Yet, when Northwood filed its second amended answer, it included information obtained through the commissioned report. Grimaldi's alleges that Northwood violated Rule 408 and moves to strike the references to the report accordingly.

## II.   Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure states that a court may strike any immaterial or impertinent matter.[2] District courts have "ample discretion" to strike materials under Rule 12(f).[3]

## III.   Analysis

The Court finds that the commissioned report is covered under Rule 408 of the Federal Rules of Evidence and is therefore inadmissible.

Rule 408 prohibits the introduction of conduct or statements made during compromise negotiations about a claim for the purpose of proving or disproving the validity of a disputed claim are inadmissible.[4]

In *Lyondell Chemical Co. v. Occidental Chemical Corp.*, the Fifth Circuit noted that reports prepared to facilitate settlement negotiations fell within Rule 408's prohibition because they were only relevant to prove liability, and held that "the

---

[1] Doc. 24-1 at 2–3.

[2] Fed. R. Civ. P. 12(f).

[3] *See In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979).

[4] Fed. R. Evid. 408.

offering of settlement evidence arising out of a shared factual nexus and bearing directly on present issues of liability between many of the same parties falls within Rule 408's prohibition."[5]

Here, the report was commissioned under an agreement titled "Rule 408 Settlement Agreement" which was made "for the purpose of negotiating a settlement."[6]  Northwood nonetheless relied on the report to challenge the validity of Grimaldi's claims in its second amended answer.[7]  That is precisely what Rule 408 prohibits.[8]  Accordingly, information stemming from the report must be struck from the record.

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Grimaldi's motion to strike and The Court **STRIKES** paragraphs 66, 67, 85, 86, 87, and 88, as well as Exhibit 4, from Northwood's second amended answer.

**IT IS SO ORDERED** this 26th day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] 608 F.3d 284, 299 (5th Cir. 2010).

[6] Doc. 24-1 at 2.

[7] Doc. 29 ¶¶ 66, 67, 85, 86, 87, 88; Doc. 29-4.

[8] *See Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 299 (5th Cir. 2010).